**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LAMONT M. SMITH, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 26-121-BAH |
| WICOMICO COUNTY ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Pro se plaintiff Lamont M. Smith ("Plaintiff") brings this lawsuit against Wicomico County ("the County"), the Wicomico County Sheriff's Office ("the Sheriff's Office"), Michael A. Lewis, in his official capacity as sheriff ("Lewis"), and Julie M. Giordano, in her official capacity as county executive ("Giordano") (collectively "Defendants").[1] ECF 8 (second amended complaint). Plaintiff asserts multiple claims arising out of an alleged wrongful prosecution and unlawful detention. *Id.* at 2–3 ¶¶ 30–38. Pending before the court is Defendants' motion to dismiss, ECF 11, and Plaintiff's motion for leave to amend the complaint, ECF 14. Plaintiff filed a response in opposition to the motion to dismiss. ECF 15. Defendants have not filed a reply in support of their motion to dismiss, and the time to do so has expired. *See* Loc. R. 105.2.a (D. Md. 2025). Defendants filed a response in opposition to Plaintiff's motion to amend, ECF 16, and Plaintiff filed a reply in support of his motion, ECF 17.[2] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See*

---

[1] The complaint does not specify where Lewis and Giordano exercise their official roles, but the Court presumes, and publicly available records confirm, that Lewis is sheriff of Wicomico County, and Giordano is county executive of the same. *See generally* ECF 8 (second amended complaint); *see also* ECF 11-1, at 3–4 (motion to dismiss).

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the motion to dismiss will be GRANTED and the motion to amend will be DENIED.

## I. BACKGROUND

### A. Factual Background[3]

Plaintiff alleges that "[o]n August 9, 2019, [he] was arrested and prosecuted in Wicomico County," and that in the course of that prosecution, "Defendants suppressed exculpatory evidence and relied on fabricated or unreliable evidence." ECF 8, at 1 ¶¶ 9–10. Following his conviction and "more than five years" of incarceration, the Appellate Court of Maryland vacated Plaintiff's conviction on November 15, 2023. *Id.* at ¶¶ 11–12. However, despite the November 2023 vacatur, Plaintiff alleges that he remained "held without bond" until February 2024. *Id.* at 1 ¶ 13, at 2 ¶¶ 15, 21. Plaintiff contends that "[t]he lawful basis for this detention was not explained" to him, and that when he appeared for a subsequent court proceeding in November 2024,[4] the presiding judge "stated on the record that he did not know why Plaintiff had been held without bond." *Id.* at 2 ¶¶ 16, 22, 25.

Plaintiff brings suit under 42 U.S.C. § 1983, alleging due process violations (Count I), malicious prosecution (Count II), and unlawful detention (Count III). *Id.* at 2–3 ¶¶ 30–37. Plaintiff brings an additional count entitled "Municipal Liability" (Count IV), which appears to lay out his theory of *Monell* liability for the county defendants.[5] *Id.* at 3 ¶ 38. Plaintiff seeks "declaratory judgment, compensatory damages, punitive damages where permitted, costs and fees, and all other relief deemed just." *Id.* ¶ 40.

---

[3] These facts come from the complaint and the Court therefore assumes them to be true for the purposes of a motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[4] Plaintiff alleges that these proceedings ultimately terminated, and that "[o]n January 31, 2025, all charges against Plaintiff were dismissed." ECF 8, at 2 ¶ 28.

[5] *See Monell v. Dept. of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978).

**B. Procedural History**

Plaintiff filed his original complaint on January 13, 2026. ECF 1. The next day, he filed an amended complaint as a matter of course. ECF 4. Plaintiff filed his second amended complaint, ECF 8, upon order of the Court, which noted that "[i]t appears that Plaintiff may have intended for the amended complaint to supplement, rather than replace, the original complaint," ECF 7, at 1. Defendants filed the motion to dismiss on March 2, 2026, ECF 11, and Plaintiff filed the motion to amend on March 6, 2026, ECF 14. Both motions are opposed, ECF 15; ECF 16, and Plaintiff filed a reply in support of his motion to amend, ECF 17.

## II. LEGAL STANDARD

**A. Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about

[the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

**B. Federal Rule of Civil Procedure 15(a)**

Under Rule 15 of the Federal Rules of Civil Procedure, courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While it is within the discretion of a district court to deny leave to amend, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons that justify denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* The Fourth Circuit has explicitly directed trial courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Ultimately, the decision to grant or deny leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006).

"There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion." *Aura Light US Inc. v. LTF Int'l LLC*, Civ. Nos. GLR-15-3198, GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017) (citing *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). "Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile." *Id.* Instead, the Court applies a "much less demanding standard." *Id.* "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

## III. ANALYSIS

### A. Motion to Dismiss

Defendants argue that dismissal of all counts is warranted because the Sheriff's Office and Lewis may not be sued, and because Plaintiff has failed to state a claim for municipal liability against the County and Giordano. ECF 11-1, at 3–5. Plaintiff largely does not engage with those arguments in his response, focusing instead on his theory of the alleged harms underlying his claims. ECF 15, at 3–6. For the foregoing reasons, the complaint will be dismissed.

Defendants argue that "'Wicomico County Sheriff's Office' must be dismissed because it is not a suable entity." ECF 11-1, at 3. The Court agrees. The Supreme Court of Maryland, when evaluating a lawsuit purportedly brought against the Charles County Sheriff's Department, explained that

> [t]he sheriff for each county is a constitutional officer under Art. IV, § 44, of the Constitution of Maryland. Neither the Constitution nor any other provision of law of which we are aware creates a governmental agency known as the "Sheriff's Department." Consequently, the motion for summary judgment on behalf of the Charles County "Sheriff's Department" correctly asserted that the "Sheriff's Department" is not an entity capable of being sued.

*Boyer v. State*, 594 A.2d 121, 128 n.9 (Md. 1991); *see also State v. Rovin*, 246 A.3d 1190, 1203 n.9 (Md. 2021). This Court has accordingly recognized that suits brought against Maryland "Sheriff's Departments" may not proceed. *See Kalonji v. Prince George's Cnty. Sheriff Off.*, LKG-24-2875, 2026 WL 319032, at *3 (D. Md. Feb. 6, 2026) (explaining that "[t]his Court has held that a county sheriff's office 'is not a legal entity capable of being sued'" (quoting *Coster v. Maryland*, Civ. No. GLR-21-65, 2021 WL 5605027, at *11 (D. Md. Nov. 30, 2021))); *see also Deitch v. Medstar Hosp. S. Md. LLC*, DLB-24-1248, 2025 WL 3294794, at *3 (D. Md. Nov. 6, 2025) (noting that "[a] sheriff's office or department 'is not a legal entity that can be properly sued'" (quoting *Rovin*, 246 A.3d at 1203 n.9)). The Sheriff's Office will thus be dismissed from this case.

Defendants next argue that Lewis, sued in his official capacity as county sheriff, must be dismissed as a defendant, because he "enjoys Eleventh Amendment immunity and is not a 'person' under Section 1983." ECF 11-1, at 3 (capitalization altered). "In Maryland, county [s]heriff's deputies"—and the sheriffs themselves— "'are arms of the State for purposes of the Eleventh Amendment' and 'county sheriffs . . . are state officials when acting in their law enforcement capacities.'" *Suarez v. Rhodes*, Civ. No. JRR-23-2673, 2025 WL 403302, at *5 (D. Md. Feb. 4, 2025) (quoting *Lee v. Queen Anne's Cnty. Office of the Sheriff*, Civ. No. RDB-13-672, 2014 WL 476233, at *6 (D. Md. Feb. 5, 2015)); *see also Kronk v. Carroll Cnty.*, Civ. No. L-11-0277, 2012 WL 245059, at *6 ("This Court has likewise repeatedly held that county sheriffs in Maryland are State actors shielded by the State's Eleventh Amendment immunity." (collecting cases)). Therefore, because Lewis enjoys Eleventh Amendment immunity, and because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," Lewis must be dismissed as a defendant from this action. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Rossignol v. Voorhaar*, 321 F. Supp. 2d 642, 651 (D. Md. 2004) (determining that Maryland county sheriffs are state officials when acting in a law enforcement capacity and explaining "[i]t follows that the official capacity claims raised against [defendants] under § 1983 are barred by the Eleventh Amendment").[6]

Defendants finally contend that Plaintiff has not alleged sufficient facts to establish *Monell* liability as to Giordano and the County. ECF 11-1, at 4. Plaintiff counters that

[6] Moreover, "[a]lthough § 1983 must be read against the background of tort liability that makes a man responsible for the natural consequences of his actions, liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). "The doctrine of *respondeat superior* has no application under this section." *Id.* Smith has not alleged that Lewis had any personal involvement in his investigation and prosecution, and Smith does not allege any theory of supervisory liability. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (noting what a plaintiff must allege to establish supervisory liability under § 1983).

Giordano "is named in her official capacity as a county policymaker responsible for oversight of county governmental operations" and "[m]unicipal liability may arise where failure to supervise or implement proper policies results in constitutional violations." ECF 15, at 7. The Court finds that Plaintiff has not stated a claim for *Monell* liability and that the claims against Giordano and the County must therefore be dismissed.

To allege a § 1983 claim against a county, a plaintiff must allege that the action at issue was one that "executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or that represents informal governmental "custom." *See Monell v. Dept. of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–91 (1978). This means that "[c]ounties and other local governments cannot be held liable under § 1983 for injuries inflicted by their employees or agents based on [the] theory of respondeat superior." *Borkowski v. Balt. Cnty.*, 414 F. Supp. 3d 788, 813 (D. Md. 2019) (citing *Monell*, 436 U.S. at 694). A prerequisite to municipal liability is that a plaintiff adequately plead (1) "the existence of an official policy or custom"; (2) "that is fairly attributable to the municipality"; and (3) "that proximately caused the deprivation of their rights." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Borkowski v. Balt. Cnty.*, 414 F. Supp. 3d 788, 813 (D. Md. 2019). To be sure, a § 1983 claim against a municipality is "not subject to a heightened pleading standard paralleling the rigors of proof demanded on the merits." *Jordan by Jordan*, 15 F.3d at 338 (citations and internal quotation marks omitted). Nevertheless, to survive a motion to dismiss against a municipality on a § 1983 claim, a plaintiff must plead "the existence of an official policy or custom that is fairly attributable to the municipality" that itself proximately caused the deprivation of rights. *Id.* Since "[a] suit against a county official in his official capacity 'serve[s] as [a] suit[ ] against the County[,]'" *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 686 (D. Md. 2018) (alterations in original) (quoting *Huggins v. Prince George's Cnty., Md.*, 683 F.3d 525, 532 (4th Cir. 2012)),

the claims against both Giordano and the County must survive review under the standard laid out in *Monell*.

Plaintiff has not alleged any specific facts relating to an official policy or custom causing the alleged harm—his allegations on this point are limited to a single conclusory sentence. *See* ECF 8, at 3 ¶ 38 ("Plaintiff's injuries were caused by policies, customs, or failures to train and supervise."). Plaintiff's claims against Giordano and the County therefore fail on the first prong of the test for municipal liability, since Plaintiff has not "identif[ied] the specific policy or custom" at issue. *Certeza v. Wexford Health Sources, Inc.*, Civ. No. TDC-18-1791, 2022 WL 2704057, at *10 (D. Md. July 11, 2022) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir. 1987)); *see also Harts v. Calvert Cnty. Sheriff*, Civ. No. BAH-22-3192, 2024 WL 944321, at *4 (D. Md. Mar. 5, 2024) (dismissing a claim for failure to plead municipal liability where plaintiff failed to "plead 'the existence of an official policy or custom that is fairly attributable to the municipality' that itself proximately caused the deprivation of rights" (quoting *Jordan by Jordan*, 15 F.3d at 338)); *Litchfield v. Rinehart*, Civ. No. GLR-21-2101, 2022 WL 3716525, at *6 (D. Md. Aug. 29, 2022) (dismissing a claim against a municipal police department where plaintiff "d[id] not provide a [department] policy or custom as a basis for his *Monell* claim" and instead relied on "the type of conclusory statements this Court has found are insufficient to state a *Monell* claim for which relief may be granted" (emphasis altered)).

Similarly, for claims against municipalities premised on failure to train, a plaintiff must establish that the failure "amount[s] to 'deliberate indifference,' which requires 'proof that a municipal actor disregarded a known or obvious consequence' that 'a particular omission in their training program causes city employees to violate citizens' constitutional rights,' and '[chose] to retain that program.'" *Soper v. Town of Elkton, Md.*, Civ. No. MJM-25-1247, 2026 WL 2681988, at *7 (D. Md. Sep. 11, 2026) (alteration in original) (quoting *Connick v.*

*Thompson*, 563 U.S. 51, 61 (2011)). Plaintiff's single conclusory statement does not satisfy that standard. *See Semenchenko v. Brown*, Civ. No. JRR-25-1044, 2026 WL 318996, at *7 (D. Md. Feb. 6, 2026) ("Conclusory or broad-sweeping allegations of deficient officer training that was a deliberate or conscious choice by the municipality and which resulted in unconstitutional officer conduct are insufficient to state a claim."). Therefore, since Plaintiff has failed to state a claim against any of the named defendants, the motion to dismiss will be granted.

**B. Motion to Amend**

Plaintiff seeks leave to amend his complaint "to add John Doe Officers 1–10 who were members of the Wicomico County Sheriff's Office and participated in the investigation, search, arrest, and prosecution of Plaintiff." ECF 14, at 1 ¶ 3. Defendant argues that leave to amend should be denied because "if the already named Defendants are dismissed from this action, and the pleading was amended, the only remaining defendants would be John Doe officers" and "Plaintiff cannot then maintain an action solely against unnamed, unserved parties." ECF 16, at 1 ¶¶ 5–6. Plaintiff's motion does not include a proposed amended complaint, but the only alteration Plaintiff appears to seek is the addition of the John Doe defendants. *See generally* ECF 14. Because the Court will grant Defendants' motion to dismiss as to all of the named Defendants, *see supra* Section III.A., Plaintiff's proposed amended complaint would seek to proceed only against unnamed and unserved defendants.

Ordinarily, "a complaint may not stand against only unnamed, unserved defendants." *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 725 n.13 (D. Md. 2002). This Court has therefore routinely dismissed complaints that seek to proceed solely against such defendants. *See, e.g.*, *Jones-McDaniel v. Bd. of Educ. of Montgomery Cnty.*, Civ. No. DKC-24-3075, 2025 WL 2494345, at *13–14 (D. Md. Aug. 29, 2025) (dismissing "the only remaining claims" because they were "against [ ] unnamed and unserved Doe Defendants"); *Roberts v. City of Hagerstown, Md.*, Civ. No. LKG-22-2682, 2024 WL 640029, at *7 (D. Md. Feb. 14, 2024)

(granting motion to dismiss certain claims because "the only remaining claims in this case are claims against the unnamed and unserved John Doe Defendant Officers"); *Sewell v. Balt. City Police Dept.*, Civ. No. WMN-12-1667, 2012 WL 4049278, at *3 (D. Md. Sep. 12, 2012) ("With the dismissal of all claims against [named defendants], the Complaint must be dismissed in its entirety as a complaint cannot stand against only unnamed, unserved defendants." (quotations omitted)). However, "often the dismissal of unnamed defendants is not appropriate unless 'it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court.'" *Doe v. Montague*, 2026 WL 2333189, at *7 (D. Md. Aug. 12, 2026) (quoting *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982)). It is within the discretion of the Court to determine "whether the case against Doe should be now permitted to proceed or whether the case at this stage should be terminated." *Attkisson v. Holder*, 925 F.3d 606, 628 (4th Cir. 2019) (quoting *Schiff*, 691 F.2d at 198). Here, Plaintiff has not articulated a theory of liability for the proposed Doe defendants, nor has he alleged any specific facts describing what they in particular did to harm him, explaining only that they "participated in the investigation, search, arrest, and prosecution of Plaintiff."[7] ECF 14, at 1 ¶ 3. The Court will therefore exercise its discretion to deny leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**, and Plaintiff's motion to amend is **DENIED**. A separate implementing Order will issue.

Dated: November 9, 2026

/s/
Brendan A. Hurson
United States District Judge

[7] The Court also observes that to the extent the proposed amended complaint seeks to proceed against sheriff's deputies in their official capacities, those officers would likely also enjoy Eleventh Amendment immunity and fall outside the definition of "person" in § 1983. *See supra* Section III.A.